UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUL 29 2013
Clerk, U.S. District and
Bankruptcy Courts

SCOTT JOSEPH NJOS, )
)
Plaintiff, )
)
v. ) Civil Action No. 13-1146
)
UNITED STATES GOVERNMENT, *et al.*, )
)
Defendants. )

## MEMORANDUM OPINION

This matter comes before the Court on review of the plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint. The application will be granted, and the complaint will be dismissed.

The Court must dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(1)(B), 1915A(b)(1). In *Neitzke v. Williams*, 490 U.S. 319 (1989), the Supreme Court states that the trial court has the authority to dismiss not only claims based on an indisputably meritless legal theory, but also claims whose factual contentions are clearly baseless. Claims describing fantastic or delusional scenarios fall into the category of cases whose factual contentions are clearly baseless. *Id.* at 328. The trial court has the discretion to decide whether a complaint is frivolous, and such finding is appropriate when the facts alleged are irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).



The plaintiff, a federal prisoner, alleges that bonds were issued by a federal government agency on June 15, 2007, Compl. ¶ 6, and that his "living, breathing, flesh and blood body was placed as Surety on those bonds." *Id.* ¶ 8. The plaintiff not only demands "all profit, interest, . . . and ownership . . . of these bonds," *id.* ¶ 32, but also demands "a complete pardon," a "position in the Peace Corps," a "20-acre track [sic] of . . . land," *id.* ¶ 40, among other things. He also demands his "[i]mmediate release from the judgment in this case (07CR50036)." *Id.* ¶ 41.[1]

The Court is mindful that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Having reviewed the plaintiff's complaint, the Court concludes that its factual contentions are identifiable are baseless and wholly incredible. The complaint is frivolous and it must be dismissed. *See* 28 U.S.C. §§ 1915(e)(1)(B)(i), 1915A(b)(1). An Order consistent with this Memorandum Opinion is issued separately.

/s/
United States District Judge

DATE: 7/26/13

---

[1] *See generally United States v. Njos*, No. 3:07-cr-50036 (N.D. Ill. filed June 15, 2007).